ROTENBERRY *v.* QUITMAN COUNTY FARMERS ASS'N. (AAL).

No. 41506          May 16, 1960          120 So. 2d 566

*Eugene Thompson,* Marks, for appellant.

*Denton & Gore,* Marks, for appellee.

McGEHEE, C. J.

The appellee in this case sued the appellant C. G. Rotenberry and one Russell Jennings on open account for goods, wares and merchandise delivered to the said Russell Jennings at the instance of the appellant C. G. Rotenberry, the purchase price of which was the sum of $1,306.47.

The defendant Rotenberry filed a plea under Section 264, Code of 1942, commonly known as the statute of frauds. The said section provides, among other things, that: "An action shall not be brought whereby to charge a defendant or other party: (a) Upon any special promise to answer for the debt or default or miscarriage of another person; * * * Unless, in each of said cases, the promise or agreement upon which such action may be

brought, or some memorandum or note thereof, shall be in writing, and signed by the party to be charged therewith, or some person by him or her thereunto lawfully authorized in writing.''

In January or February, 1957, Russell Jennings and the appellant C. G. Rotenberry went to the place of business of the appellee, Quitman County Farmers Association (AAL) in the Town of Marks, Mississippi, where the said Rotenberry told Mr. Jamison, manager of the appellee, that he wanted him to let Mr. Jennings have some goods, wares and merchandise, and that thereupon the manager of the appellee told Mr. Rotenberry that ''I could not because I had a previous judgment against him for a considerable amount and my directors would not let me give him credit.'' Thereupon the credit was extended to C. G. Rotenberry, although the account was set-up in the name of Jennings and Rotenberry to distinguish the same from another account of Bridges and Rotenberry.

■■ We are of the opinion that under the facts of this case the appellant is not being sued on any promise to answer for the debt or default or miscarriage of another person, but that the credit was extended to him and he is being sued upon his own indebtedness.

■■ We think that the action of the trial court in granting a directed verdict for the appellee for the amount sued for was correct, since there was no testimony introduced except that of Mr. Jamison, whose testimony fully established the liability of the appellant Rotenberry.

Affirmed.

*Lee, Kyle, Ethridge and Gillespie, JJ.*, concur.