ROBERTSON, Justice,
for the Court:
This appeal presents the question whether a claim against a decedent’s estate should have been disallowed without an evi-dentiary hearing on grounds that enforcement of the claim would violate the statute of frauds. Appellee Executrix contends that the claim seeks to charge the decedent’s estate with the debt of another absent a writing signed by the decedent during his lifetime. Claimant in no way challenges the rule of law for which Executrix contends. Rather, Claimant charges that the debt was the deceased’s, not anyone elses. Claimant argues that the debt was contacted by the deceased during his lifetime and acting on his own behalf and that it has probated the claim against his estate because it was his debt.
The dispute as is apparent is predominantly factual. In such cases rarely, if ever, is summary dismissal appropriate.
The matter arises in conjunction with the administration of the estate of Alton E. Channell in the Chancery Court of Copiah County, Mississippi. Channell died on March 8, 1981. In due course, Susan C. Hill, his daughter, was appointed executrix of his last will and testament. In her official capacity as executrix, Susan C. Hill is Appellee here.
Following the publication of notice to creditors, Crawler Parts, Inc., a corporation, probated its claim in the amount of $4,410.29. Crawler is a non-resident corporation authorized to do business in the State of Mississippi. Crawler maintains a place of business on Highway 80 West in Jackson under the trade name of Jackson Tractor Parts of Mississippi. Crawler is the Appellant here.
On February 17,1982, Executrix filed her petition to contest Crawler’s claim. This *1358 was followed on March 29, 1982, by Executrix’s motion to strike and dismiss Crawler’s claim. In this motion, Executrix cited the statute of frauds, Miss.Code Ann. § 15-3-l(a)(1972), the Dead Man’s Statute, Miss. Code Ann. § 13-1-7 (1972), and “failure to state a cause of action”.
On April 22,1982, following a non-eviden-tiary hearing on the motion to strike, Crawler’s claim was dismissed without opinion. This appeal has followed.
For present purposes, we accept as true the facts claimed by Crawler. Those facts are that on June 20,1980, Alton E. Channell and his son, Floyd Bryant Channell, brought a Caterpillar D-6 bulldozer to Crawler’s premises in Jackson for certain repairs. The needed repairs were discussed with Don Pullen, Crawler’s manager. In fact, Bryant Channell owned the bulldozer. Bryant Channell signed the repair order.
Prior to this time, Alton E. Channell had maintained an open account relationship with Crawler. Bryant, on the other hand, had no such prior relationship. Under these circumstances Alton ordered the repairs in his own behalf. Once the repairs had been completed, Crawler sent monthly invoices to Alton until his death on March 8, 1981 — a period of some eight months. During this period of time, Crawler was in no way notified that the invoices were being improperly directed to Alton, that they should, rather, be sent to Bryant.
Appellee Executrix, of course, disputes many of these facts. She argues that the repairs were ordered solely by Bryant Channell acting on his own behalf. She argues that Crawler’s attempt to charge Alton’s estate is in effect an attempt to enforce against Alton the debt of another, Bryant. Because there is no writing signed by Alton, she argues that enforcement of the debt against Alton’s estate runs afoul the statute of frauds. Miss.Code Ann. § 15-3-l(a) (1972).
Section 15-3-l(a) provides, in pertinent part:
An action shall not be brought whereby to charge a defendant ... upon any special promise to answer for the debt ... of another person ... unless .. . the promise ... shall be in writing and signed by the party to be charged.
Under this statute, if the original obligation to Crawler was Bryant’s, Crawler is out of luck, for there is (insofar as we are aware) no writing signed by Alton in favor of Crawler. On the other hand, if as Crawler alleges the original obligation was Alton’s, the statute is of no import.
Under our cases it is important whether Bryant was independently liable to Crawler on the account. If he was, the claim against Alton falls within the statute. Bloom v. McGrath, 53 Miss. 249, 257 (1876); Wade v. Long, 168 Miss. 434, 439, 151 So. 564, 565 (1934).
Executrix ignores the factual and legal possibility that Alton may have contracted, in his own behalf, for Crawler to perform repair services on Bryant’s bulldozer. One does not have to own a piece of equipment to obligate himself to another who perform repairs on it. In such a situation, that the owner and the party contracting for the - repair services are two different people in no way negates the obligation of the latter to pay for the repairs. See Rotenberry v. Quitman County Farmers Association, 238 Miss. 867, 120 So.2d 566 (1960).
Executrix makes much of Crawler’s claim in Bryant Channell’s bankruptcy proceedings conducted in the United States Bankruptcy Court for the Southern District of Mississippi. As we understand the record, Crawler proceeded there to enforce a mechanic’s lien. Since all agree that Bryant owned the bulldozer, Crawler no doubt acted prudently in filing such a claim. But that claim in no way precludes the possibility that Alton E. Channell may have contracted in his own behalf for Crawler to repair Bryant’s bulldozer.
We hold that Crawler has stated a claim upon which relief may be granted. Crawler is entitled at an evidentiary hearing to the opportunity to prove that which it has alleged. If it can do so, its claim should be allowed against the estate of Alton Chan-nell, deceased. Obviously, we intimate no opinion as to who ought prevail at such hearing.
*1359 Crawler argues that its claim was somehow dismissed on the basis of our Dead Man’s Statute. Miss.Code Ann. § 13-1-7 (1972). Executrix counters saying in effect that there is no proof Crawler could offer that would not be precluded under the Dead Man’s Statute and, accordingly, that this provides additional undergirding for dismissal of Crawler’s claim.
The issue puts the cart before the horse. There has been no evidentiary hearing. Upon remand, of course, there will be one. At this time we will not speculate on the manner in which Crawler will attempt to prove its claim. Suffice it to say that Crawler may well offer proof in no way precluded under the Dead Man’s Statute. At this time we simply do not know, and, accordingly, we express no opinion regarding any issues under that statute that may hereafter arise.
REVERSED AND REMANDED FOR FURTHER PROCEEDINGS NOT INCONSISTENT WITH THIS OPINION.
PATTERSON, C.J., WALKER and BROOM, P.JJ., and ROY NOBLE LEE, BOWLING, HAWKINS, DAN M. LEE and PRATHER, JJ., concur.